NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HONG ZHENG,<br><br>    Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>    Respondent. | No. 16-71025<br><br>Agency No. A087-862-561<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018**

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Hong Zheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir. 2006), and we deny the petition for review.

In denying Zheng's claims, the BIA did not address the IJ's adverse credibility determination, but found, even if credible, Zheng did not establish eligibility for relief. We reject Zheng's contention that the BIA erred by declining to reach the IJ's adverse credibility determination. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence supports the agency's finding that Zheng's experiences in China, considered cumulatively, did not rise to the level of persecution. *See Gu*, 454 F.3d at 1019-21; *see also Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) ("Although [petitioner's] experiences are disturbing and regrettable, they do not evince actions so severe as to compel a finding of past persecution."). Substantial evidence also supports the agency's finding that Zheng did not demonstrate a well-founded fear of future persecution. *See Gu*, 454 F.3d at 1022 (petitioner failed to present "compelling, objective evidence demonstrating a well-founded fear of persecution"); *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of persecution "too speculative"). Thus, Zheng's asylum claim fails.

Because Zheng failed to establish eligibility for asylum, in this case, she did

16-71025

not establish eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Zheng's CAT claim because she failed to establish it is more likely than not she would be tortured by or with the consent or acquiesce of the government if returned to China. *See Zheng v. Holder*, 644 F.3d 829, 835-36 (9th Cir. 2011) (possibility of torture too speculative).

**PETITION FOR REVIEW DENIED.**